

___FILED ___RECEIVED
___ENTERED ___SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 3 1 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CR- |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| CRYSTAL EWING, | |
| Defendant. | |

This Court finds Crystal Ewing pled guilty to Counts One and Two of a Two-Count Criminal Information charging her in Count One with conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349 and in Count Two with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 1956(h). Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds Crystal Ewing agreed to the imposition of the in personam criminal forfeiture money judgment of $500,000 set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

The in personam criminal forfeiture money judgment is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offense; (2) any property, any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 1956(h), or any property traceable to such property; (3) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18

U.S.C. § 1956(a)(1)(B)(i), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offense; and (4) any property, real or personal, involved in a violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 1956(h), or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 21 U.S.C. § 853(p).

This Court finds that Crystal Ewing shall pay an in personam criminal forfeiture money judgment of $500,000 to the United States of America, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $30,000,000 pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 21 U.S.C. § 853(p).

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Crystal Ewing an in personam criminal forfeiture money judgment of $500,000.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED _July 31_, 2019.

_____
UNITED STATES DISTRICT JUDGE